IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PHILLIP DEWAYNE STEWART                                                    PETITIONER

v.                              Case No. 4:22-cv-00038-KGB

DEXTER PAYNE                                                               RESPONDENT

## ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Edie R. Ervin (Dkt. No. 19). Petitioner Phillip Dewayne Stewart filed objections to the Recommendation (Dkt. No. 20). After careful consideration of the Recommendation, Mr. Stewarts objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 20).

The Court writes separately to address Mr. Stewart's objections (Dkt. No. 20). In the Recommendation, Judge Ervin recommends that Mr. Stewart's *habeas corpus* petition be dismissed for lack of subject matter jurisdiction because Mr. Stewart is no longer in custody (Dkt. No 19, at 3). In Mr. Stewart's objections, and in Mr. Stewarts reply to defendant Dexter Payne's response to his *habeas corpus* petition, Mr. Stewart argues in part that even though he is no longer incarcerated, he is still "in custody" for purposes of a *habeas corpus* petition because he is required to register as a sex offender (Dkt. Nos. 18, at 4; 20, at 2). The United States Court of Appeals for the Third Circuit has held that a person subject to sex offender registration is in custody for purposes of the court's jurisdiction over a *habeas corpus* petition. *Piasecki v. Ct. of Common Pleas, Bucks Cnty.*, 917 F.3d 161, 177 (3d Cir. 2019). However, other circuit courts have held that sex offender registration requirements do not place the sex offender in custody for *habeas*

purposes.  *See, e.g.*, *Clements v. Florida*, 59 F.4th 1204, 1217 (11th Cir. 2023); *Calhoun v. Att'y Gen. of Colorado*, 745 F.3d 1070, 1074 (10th Cir. 2014); *Wilson v. Flaherty*, 689 F.3d 332, 338 (4th Cir. 2012); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999).  Based upon this Court's review, the Eighth Circuit Court of Appeals has not ruled on this question.  Following the majority of circuits that have reached this question, the Court finds that mandatory sex offender registration does not constitute custody for purposes of the Court's subject matter jurisdiction over Mr. Stewart's *habeas corpus* petition.  *Clements*, 59 F.4th at 1212 (collecting cases); *see also Simpson v. Berger*, Case No. 4:22-cv-00522-SEP, 2024 WL 4188726, at *4 (E.D. Mo. Sept. 13, 2024).

The Court adopts Judge Ervin's Recommendation (Dkt. No. 19).  The Court dismisses without prejudice Mr. Stewart's petition for a writ of *habeas corpus* (Dkt. No. 1).  The Court declines to issue a certificate of appealability.  Mr. Stewart may still apply to the Eighth Circuit Court of Appeals for a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(B).

It is so ordered this 3rd day of February, 2025.

Kristine G. Baker
Chief United States District Judge